George Starke, J.
That portion of the within motion to hold defendant in contempt, held in abeyance pending the report of Referee Eugene Sullivan, is disposed of herein upon the parties’ stipulation to an agreed statement of facts.
The memorandum opinion of this court dated June 11, 1975 (85 Misc 2d 258), found defendant Ernie Tucker to be in blatant, willful violation of the consent judgment entered in the action on December 11, 1974. In its original motion papers, the Attorney-General sought restitution from the defendant for injury to consumers wrought by said violation and obtained a restraining order holding defendant’s funds in the amount of $209,000 as security for the protection of the public. These funds were preserved only by the utmost diligence on the part of the office of the Attorney-General whose representative arrived at the bank just in time to prevent this defendant from completing a full cash withdrawal. In view of the commendable zeal and ardent concern of the Attorney-General to protect the public interest by securing funds to be made available for restitution, the court is loathe to diminish the sum available and thereby possibly prevent defrauded consumers from being made whole.
In its brief, page 1, the Attorney-General’s office "prays a fine be imposed in the sum of $250 for each separate contempt”. However, in its supplementary brief, page 9, it speaks of a fine of $1 per violation in addition to a jail sentence and a *264 suspension of part of the fine if defendant hereafter adheres to the judgment. This could amount to a fine of almost 2 Vi million dollars.
Theoretically, under the circumstances herein, defendant could be fined in the amount of $250 for each and every one of the admitted 2,438,648 letters mailed containing the six specific statements prohibited by the consent judgment and found by this court to have been repeated over and over again. Each letter constituted a separate willful contempt in violation of the consent injunction, each being an independent misrepresentation which was completed upon the mailing of the false material shortly after the entry of the judgment. The fine imposed under this formula is so great as to be’ implausible.
Accordingly, after weighing all the factors, including that of deterrence, to be considered in arriving at the imposition of a proper penalty, one that is not harsh and excessive, the court in the exercise of its discretion does not impose a jail sentence but fines defendants in the amount of $500,000. However, the excess over and above the restrained $209,000 is suspended upon condition that defendants continue to comply with the consent judgment in the future. The moneys now held by the United Americas Bank are directed to be turned over to the Attorney-General for the purpose of making restitution to the members of the public defrauded by defendants who file claims within the proper period. Any excess after payment of claims shall revert to the State of New York as part payment of the fine. The Attorney-General is directed to take all steps necessary to accomplish this purpose including, but not limited to, giving notice to the Federal postal inspectors of the availability of the fund.